IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0568-03






TUAN ANH DANG, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Keasler, J., filed this dissenting opinion in which Hervey, J., joined. 


O P I N I O N 



 Today, the majority comes to the breathtaking conclusion that a trial judge abuses his
discretion in limiting closing arguments to twenty minutes in a trial where the testimony of
eleven witnesses lasted a mere day and a half. Additionally, it sets out a "nonexclusive list
of factors" that trial judges must henceforth consider in limiting argument. I suppose the fact
that it is nonexclusive gives us leeway to whimsically add more factors later when we second
guess their decisions.

 I agree with that the Court of Appeals correctly decided the case. But I disagree with
its statement that this is a close case. It is not close at all. I think the majority could search
both federal and state precedent until doomsday to find another case where an appellate court
reversed a case under similar facts. Indeed, it had to go back more than one hundred ten
years to find cases where we reversed a trial judge's limitation on closing argument under
any set of facts.

 Our unfortunate jurisprudence with respect to jury selection has for many years tied
the hands of Texas trial judges in controlling voir dire. So long as a lawyer is asking
relevant, non-repetitive questions to respective jurors, he or she can go on and on
indefinitely--and some do. Until today, trial judges have been free to limit final arguments
with no interference from us, and they have used their discretion wisely and fairly. 

 Of course, a judge could abuse that discretion. It is not hard to think of outrageous
facts that would require reversal. This is clearly not one of them. Judge Rains set a
reasonable time to argue a 1½ day case.

 This case will hinder trial judges in controlling the length of trials. In 1988, The
National Center for State Courts conducted a year-long three-state study on trial length and
management. It concluded that judges who are given the tools to control the trial and use
them vigorously conduct more just, efficient, and effective trials. The tools include broad
discretion in setting time limits on voir dire, opening statements, evidence presentation, and
closing arguments. (1) Like in setting time limits on voir dire, Texas trial judges now will be
more reluctant to limit argument, fearing that we might reverse them for abusing their
discretion. The safer practice will be to not limit lawyers at all, thereby letting them
harangue the jury until they are brain dead.

 It really isn't too much to ask that a lawyer be concise. Good ones are. 

 About fifty years ago a preacher (whose name, despite extensive research, I have not
been able to find) wrote in an article about sermons, "You can't save souls after twenty
minutes." Twenty minutes was enough for argument in this case, too. Because the majority
finds otherwise, I dissent. 

 

DATE DELIVERED: January 26, 2005

PUBLISH


 
1. National Center for State Courts, On Trial, NCSC 1988.